IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHELLE A. BARTO,                         3:10-CV-06364-BR

       Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


ALAN STUART GRAF
316 Second Road
Summertown, TN 38483
(931) 964-3123

       Attorney for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorneys
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104
(206) 615-3858

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Michelle A. Barto seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA).  The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on July 3, 2008, alleging a disability onset date of April 6, 2008. Tr. 114, 128.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on March 11, 2010.  Tr. 22-46.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a lay witness, a medical expert, and a vocational expert (VE) testified.

The ALJ issued a decision on March 31, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 9-18.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on August 26, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on December 14, 1966, and was 43 years old at the time of the hearing.  Tr. 114.  Plaintiff has a GED and had taken some college courses.  Tr. 36-37, 359.  Plaintiff has past relevant work experience as a cashier, waitress, and hospital register/admission clerk.  Tr. 16.

Plaintiff alleged disability due to bipolar disorder,

---

[1] Citations to the official transcript of record filed by the Commissioner on March 17, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

asthma, and "emotional upset."  Tr. 132.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 14-15.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial

5 - OPINION AND ORDER

gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity [RFC].  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

6 - OPINION AND ORDER

incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

7 - OPINION AND ORDER

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her April 6, 2008, alleged onset date. Tr. 11.

At Step Two, the ALJ found Plaintiff has the severe impairment of bipolar disorder. Tr. 11.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairment does not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 13. The ALJ found Plaintiff has the RFC to perform light work "except for direct contact with the public for one-third of the working day and less than one-third supervisory interaction during the workday." Tr. 13.

At Step Four, the ALJ found Plaintiff is incapable of performing her past relevant work. Tr. 16.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 16. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's testimony, (2) improperly rejecting lay-witness testimony, (3) improperly rejecting the opinions of Plaintiff's treating physician, and (4) failing to "properly assess at step

8 - OPINION AND ORDER

three, whether Plaintiff's condition met paragraph C and or [*sic*] whether Plaintiff's condition equaled the Listing of Impairments."

**I.   Plaintiff's testimony**.

Plaintiff contends the ALJ erred when he improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

9 - OPINION AND ORDER

The ALJ found Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC]."  Tr. 15.  The ALJ noted Plaintiff "does well on medications" and stopped seeing her treating physician in November 2008.  The ALJ also noted the record reflects Plaintiff "is in stable condition and has the ability to perform her activities of daily living."

The record reflects Plaintiff has been on medications to treat her bipolar disorder throughout her alleged period of disability.  *See, e.g.,* Tr. 269, 330, 390, 394, 435.  Plaintiff, however, was seen twice in a hospital emergency room because of her suicidal actions or thoughts even while on medication.  Tr. 467, 476.  In addition, the record contains treatment notes with numerous references to her cycling through normal, manic, and depressive days despite medication.  *See, e.g.*, Tr. 204, 391, 393.  Thus, the ALJ's findings as to Plaintiff's condition and performance while on medication are not supported by the record.

In addition, Plaintiff testified she only stopped seeing a mental health professional in November 2008 because she no longer had medical insurance at that time and could not afford to pay for mental-health care.  The Ninth Circuit has made clear that when a claimant cannot afford medical treatment, her failure to

10 - OPINION AND ORDER

obtain such treatment cannot be a basis for discrediting her testimony. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

The Court concludes on this record that the ALJ erred when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**II. Lay-witness testimony**.

Plaintiff contends the ALJ erred when he failed to address the lay-witness statement of Brittie Ratekin and, in particular, Ratekin's assessment that Plaintiff's abilities varied based on her mental state.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

In her August 2008 statement Ratekin stated Plaintiff sometimes needed to be reminded to shower, to perform household chores, and to take her medication. Tr. 143. Ratekin stated

11 - OPINION AND ORDER

Plaintiff could make simple meals, complete household chores, and shop unless she was "having a hard time concentrating." Tr. 144. Ratekin, however, stated Plaintiff needed help "on occasion" to leave the house and could not pay her bills. Tr. 144.

As noted, the ALJ failed to address Ratekin's August 2008 statement and did not give any reasons germane to Ratekin for disregarding that statement.

The Court concludes on this record that the ALJ erred when he failed to address Ratekin's statement because the ALJ failed to provide legally sufficient reasons supported by the record for doing so.

**III. Medical opinion testimony.**

Plaintiff contends the ALJ erred when he improperly rejected the opinion of Mary Lou Belozer, M.D., treating physician.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d

12 - OPINION AND ORDER

at 830-32.

On February 10, 2010, Dr. Belozer responded to an inquiry from Plaintiff's attorney and acknowledged she has treated Plaintiff since 1997.  Tr. 506.  Dr. Belozer noted Plaintiff suffers fatigue, anxiety, and depression, and her "moods vary and ability to focus and retain a job [sic].  At times difficult to work with others."  Tr. 506.

In addition, Dr. Belozer reported in November 2009 that Plaintiff had "positive alarm features for depression includ[ing] fatigue, . . . feelings of worthlessness, . . . and impaired concentration. . . .  Positive alarm features for a manic disorder includ[ing] less need for sleep."  Tr. 436.  Similarly, in December 2009 Dr. Belozer reported Plaintiff had "positive alarm features for a manic disorder includ[ing] less need for sleep and talkative or feels need to keep talking."
Tr. 434.

The ALJ rejected Dr. Belozer's February 2010 opinion on the ground that Plaintiff's "treatment history is not consistent with the inability to work as defined by Social Security Guidelines."  Tr. 15.  The ALJ, however, does not point to any specific evidence in the record that shows Dr. Belozer's opinion of Plaintiff's impairments is inconsistent wtih an inability to work or that discredits Dr. Belozer's opinion.

The Court concludes on this record that the ALJ erred when

13 - OPINION AND ORDER

he rejected Dr. Belozer's opinion because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**IV. Step Three**

Plaintiff contends the ALJ erred when he failed to properly evaluate Plaintiff's impairments under the criteria of Listing 12.04(C). Plaintiff relies on *Keyser v. Commissioner,* 648 F.3d 721 (9th Cir. 2011), to support his assertion. As Defendant points out, however, the Ninth Circuit in *Keyser* addressed the evaluation of the plaintiff's impairments by the ALJ under the Listing 12.04(B) criteria. The Ninth Circuit did not discuss or suggest its analysis applied to the evaluation of the plaintiff's impairments under the criteria of 12.04(C).

Even if the Ninth Circuit required the ALJ to evaluate Plaintiff's impairments under the 12.04(C) criteria in the same manner as 12.04(B) criteria, however, the record does not reflect Plaintiff's condition satisfies the 12.04(C) criteria. To satisfy 12.04(C), Plaintiff must show she suffered from a chronic affective disorder that caused one of the following:

> (1) repeated episodes of decompensation each of extended duration; or
>
> (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> (3) current history of one or more years in ability to function outside a highly supportive living arrangement, with an indication of

14 - OPINION AND ORDER

      continued need for such arrangement.

20 C.F.R. § 404, Sub pt. P, App. 1, § 12.04(C).  Plaintiff asserts she suffered episodes of decompensation in February 2007, March 2008, December 2008, and October 2009.  The Social Security Regulations, however, define "repeated episodes of decompensation, each of extended duration" as three episodes in one year or an average of one episode every four months with each lasting for at least two weeks.  20 C.F.R. § 404, Sub pt. P, App. 1, § 12.00(C).  The record does not reflect Plaintiff suffered three episodes in any year with each lasting at least two weeks.  Accordingly, even if the ALJ was required to assess Plaintiff's impairments under the criteria of Listing 12.04(C) in the same manner that the Ninth Circuit has held an ALJ must assess a plaintiff's impairments under the 12.04(B) criteria, such an error would be harmless because the record reflects Plaintiff does not meet the criteria of Listing 12.04(C).

## **REMAND**

    The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

    The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully

15 - OPINION AND ORDER

developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

It is unclear from this record whether the ALJ would be required to find that Plaintiff is disabled if her testimony, the lay-witness statement of Ratekin, and the opinion of Dr. Belozer were credited. In addition, the Court notes Dr. Belozer did not set out specific limitations as to Plaintiff's ability to maintain employment. The Court, therefore, concludes further proceedings are necessary and, accordingly, remands this matter.

## CONCLUSION

16 - OPINION AND ORDER

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 21st day of November, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge